IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANNETTE BURNS, for herself and all others similarly situated | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 06-1198 (RBW) |
| v. | ) ) ) | |
| DISTRICT OF COLUMBIA, | ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S MOTION TO DISMISS THE COMPLAINT,
OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant District of Columbia ("District"), by and through undersigned counsel, respectfully moves the Court to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. In the alternative, the District respectfully requests that the Court enter an Order granting it summary judgment pursuant to Fed. R. Civ. P. 56. As grounds, Defendant states as follows:

1. Plaintiff has failed to comply with the mandatory notice requirement of D.C. Code § 12-309.

2. Plaintiff has failed to timely file her charge with the Equal Employment Opportunity Commission, as required under 42 U.S.C. § 2000e-5(e)(1).

This motion is supported by the accompanying Memorandum of Points and Authorities attached hereto and incorporated by reference herein.

DATED: August 7, 2006                    Respectfully submitted,

                                         ROBERT J. SPAGNOLETTI
                                         Attorney General

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


/s/ Nicole L. Lynch
NICOLE L. LYNCH [471953]
Chief, Section II
General Litigation Division


/s/ Rena Scheinkman
BY:   RENA SCHEINKMAN [488861]
Special Assistant Attorney General
General Litigation Division
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6615

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANNETTE BURNS, for herself and all others similarly situated | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 06-1198 (RBW) |
| v. | ) ) ) | |
| DISTRICT OF COLUMBIA, | ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS THE COMPLAINT, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant District of Columbia ("District"), by and through undersigned counsel, respectfully moves the Court to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. In the alternative, the District respectfully requests that this Court enter an Order granting it summary judgment pursuant to Fed. R. Civ. P. 56.

**I.    BACKGROUND**

In her Complaint, Plaintiff states that she filed an internal equal employment opportunity complaint with the District's Department of Parks and Recreation in May 2002, reporting alleged sexual harassment by Mr. Darnell Thompson. Complaint ¶ 12(e). Plaintiff alleges that she was terminated from her position with the District of Columbia Department of Parks and Recreation in January 2003. Complaint ¶ 12(h). *But see* Complaint ¶ 9 ("Plaintiff Annette Burns was

employed by Defendant District of Columbia from 2000 to December, 2003."). [1] Plaintiff waited until February 3, 2006 to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Complaint ¶ 13. To date, the Mayor of the District of Columbia has not received notification from Plaintiff indicating her intent to sue the District. Exhibit 1, Affidavit of Nadine Chandler Wilburn at ¶ 3, attached hereto. In this action, Plaintiff alleges claims against the District under both the District of Columbia Human Rights Act ("DCHRA"), D.C. Code § 2-1401 *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*[2]

## II. ARGUMENT

### A. Standard of Review

#### 1. *Standard of Review for Motion to Dismiss*

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957); *Friendship Edison Pub. Charter Sch. Chamberlain Campus v. Smith*, 429 F. Supp. 2d 195, 196 (D.D.C. 2006). A motion to dismiss for failure to state a claim upon which relief can be granted is intended solely to test the legal sufficiency of the complaint, and in so doing, the motion admits all facts well pleaded but contests Plaintiff's right to recover under those facts. *See Johnson v. District of Columbia*, 368 F. Supp. 2d 30, 36 (D.D.C. 2005) ("[A] motion to dismiss pursuant to

---

[1] For purposes of this Motion, the District will assume as fact that December 2003, the later of the two dates alleged, was Plaintiff's last date of employment with the District, and therefore the last possible date for Defendant's alleged violations under the D.C. Human Rights Act and/or Title VII of the Civil Rights Act of 1964.

[2] Plaintiff also alleges that her claims are entitled to class certification. The Court need not reach a determination on class certification at this time, and such determination will be moot if the Court grants this Motion. This Motion does not address class certification. The District respectfully reserves the right to address class certification, if necessary.

Rule 12(b)(6) will not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (internal citations omitted). Accordingly, "in deciding a motion to dismiss under Rule 12(b)(6), the court is bound to consider all well-pleaded facts as true, and to draw all reasonable inferences in favor of the non-movant." *Friendship Edison Pub. Charter Sch. Chamberlain Campus*, 429 F. Supp. 2d at 196. For the purposes of this Motion, the District is not disputing the facts Plaintiff alleges in her Complaint.

    2. *Standard of Review for Motion for Summary Judgment*

Similar to the courts' analysis on a motion to dismiss, summary judgment may be granted for a moving party when it shows that there are no material facts in dispute and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex v. Catrett*, 477 U.S. 317 (1988); *Hussain v. Prinicipi*, 344 F. Supp. 2d 86, 94 (D.D.C. 2004). "In considering a motion for summary judgment, the 'evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *Hussain*, 344 F. Supp. 2d at 94 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, (1986)). A party may rely on evidence outside of the pleadings to support his motion for summary judgment. Fed. R. Civ. P. 56(a) (allowing claimant to rely on supporting affidavits). Should the Court consider the evidence outside of the pleadings, this Motion to Dismiss will convert to a motion for summary judgment. Fed. R. Civ. P. 12(b); *Herron v. Veneman*, 305 F. Supp. 2d 64, 70 (D.D.C. 2004) ("Often the introduction of factual materials by the parties—including depositions, answers to interrogatories, admissions on file and affidavits—will convert a Rule 12(b)(6) motion to dismiss to a Rule 56(b) motion for summary judgment.").

B.   Plaintiff Failed to Comply with the Mandatory Notice Requirement of D.C. Code § 12-309.

The District is entitled to either a dismissal of Plaintiff's state law claims under the DCHRA or an Order granting it summary judgment on those claims because Plaintiff has failed to satisfy the mandatory notice requirement of D.C. Code § 12-309. Section 12-309 states in pertinent part:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause and circumstances of the injury or damage.

D.C. Code § 12-309 (2001) (emphasis added). It is well-settled that compliance with the notice requirement of Section 12-309 is "a mandatory prerequisite to filing a lawsuit against the District." *McRae v. Olive*, 368 F. Supp. 2d 91, 95 (D.D.C. 2005); *see also District of Columbia v. Dunmore,* 662 A.2d 1356, 1359 (D.C. 1995). "The rationale underlying the Section 309 notice requirement is to (1) protect the District of Columbia against unreasonable claims and (2) to give reasonable notice to the District of Columbia so that the facts may be ascertained and, if possible, deserving claims adjusted and meritless claims resisted." *Pitts v. District of Columbia*, 391 A.2d 803, 807 (D.C. 1978).

To protect this purpose, courts have construed strictly the plain language of Section 12-309. *See, e.g., District of Columbia v. Dunmore*, 662 A.2d 1356, 1359 (D.C. 1995). Courts interpreting the statute have held that the District must receive notice within six months of the events that allegedly have caused a claimant's injury. *DeKine v. District of Columbia*, 422 A.2d 981, 984 (1980). Notice received even one day past due is considered untimely and completely bars recovery against the District. *Id.* at 986; *see also Williams v. District of Columbia*, 676 F.

4

Supp. 329, 333 (D.D.C. 1987) (relying on *DeKine*, 422 A.2d 985, and explaining that the date of receipt is crucial in determining compliance with Section 12-309).

A civil action brought pursuant to the DCHRA must comply with the notice requirement of Section 12-309. *McFarlane v. New Leaders For New Sch.*, No. 04-CA-8506, at 14 (D.C. Super. Ct. Nov. 10, 2005) (attached hereto as Exhibit 2).

In this case, Plaintiff has failed to satisfy the statutory requirements because she failed to notify the Mayor of her intent to file a claim against the District within six months of the alleged incident. *See* Exhibit 1, Affidavit of Nadine Chandler Wilburn at ¶ 3, attached hereto. In fact, to this day, the District has not received notice from Plaintiff. *Id.* Any notice she may have given to the D.C. Department of Parks and Recreation is insufficient to satisfy the requirements of Section 12-309. *See McRae*, 368 F. Supp. 2d at 95 ("Notice to officials subordinate to the Mayor is not sufficient."); *McFarlane*, No. 04-CA-8506, at 14 (holding that giving notice to agency's general counsel was insufficient to meet the requirements of Section 12-309). Because satisfaction of the notice requirement of Section 12-309 is a prerequisite to filing suit against the District, and because Plaintiff cannot now cure this defect, the District is entitled to either a dismissal of Plaintiff's state law claims under the DCHRA or an Order granting it summary judgment on those claims.

      C.    <u>Plaintiff Failed to Timely File Her Charge of Discrimination with the Equal Employment Opportunity Commission as Required under 42 U.S.C. § 2000e-5(e)(1).</u>

The District is entitled to dismissal of Plaintiff's claims under Title VII because she failed to file her charge with the EEOC within the time allowed under the statute. Under Title VII, a claimant must file a charge alleging violations of the Act with the EEOC within either:

1. 180 days after the alleged unlawful employment practice, if the claimant does not file a complaint with the state or local agency; or

2. 300 days after the alleged unlawful employment practice, if the claimant initially instituted proceedings with a state or local agency, or within 30 days after receiving notice that the state or local agency has terminated the proceedings, whichever is earlier.

42 U.S.C. § 2000e-5(e)(1). For purposes of this Motion, the Court need not determine whether the time for filing is 180 days or 300 days after the alleged unlawful employment practice. December 2003 is the last possible date for the alleged violations of the Act. Complaint ¶ 9. Plaintiff did not initiate an action with the EEOC until February 3, 2006, well outside the 300-day time limit. Complaint ¶ 13. Assuming, *arguendo*, that the last possible date for Defendant's alleged violations under Title VII was December 31, 2003 and that Plaintiff filed her charge with the EEOC on February 3, 2006, 762 days—more than twice the time allowed under Title VII—lapsed. Because Plaintiff's claim was filed with the EEOC outside the statutory deadline, the Court should grant the District's Motion to Dismiss Plaintiff's Title VII claims. *See, e.g., Turner v. District of Columbia*, 383 F. Supp. 2d 157, 177 (D.D.C. 2005); *Murphy v. Bd. of Educ.*, 273 F. Supp. 2d 292, 305 (W.D.N.Y. 2003) (explaining that the time requirement is rigorously enforced and that charges filed untimely are barred from recovery).

### III.   CONCLUSION

Plaintiff has failed to meet two mandatory statutory requirements, and Plaintiff's case should therefore be dismissed, with prejudice, in its entirety. The undisputed facts in this case show that: (1) Plaintiff did not (and has not to-date) filed notice with the Mayor of her intent to sue the District, in violation of D.C. Code § 12-309, and (2) Plaintiff did not file her discrimination charge with the EEOC within the 300-day time limit required under 42 U.S.C. § 2000e-5(e)(1). Plaintiff's failure to notify the Mayor, as required under D.C. Code § 12-309, bars her claims under the DCHRA. Plaintiff's failure to timely file her charge with the EEOC

bars her claims under Title VII.  For the reasons detailed above, the Court should grant the District's Motion to Dismiss, or in the alternative, Motion for Summary Judgment.

DATED:  August 7, 2006                    Respectfully submitted,

                                                ROBERT J. SPAGNOLETTI
                                                Attorney General

                                                GEORGE C. VALENTINE
                                                Deputy Attorney General
                                                Civil Litigation Division


                                                /s/ Nicole L. Lynch
                                                NICOLE L. LYNCH [471953]
                                                Chief, Section II
                                                General Litigation Division


                                                /s/ Rena Scheinkman
BY:      RENA SCHEINKMAN [488861]
                                                Special Assistant Attorney General
                                                General Litigation Division
                                                441 4th Street, N.W.
                                                Washington, D.C. 20001
                                                (202) 724-6615
                                                rena.scheinkman@dc.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANNETTE BURNS, for herself and all others similarly situated </br></br>          Plaintiff, </br></br>     v. </br></br> DISTRICT OF COLUMBIA, </br></br>          Defendant. | Civil Action No. 06-1198 (RBW) |

**STATEMENT OF UNDISPUTED FACTS**

1. Plaintiff's employment with the District ended in December 2003.  Complaint ¶ 9.

2. Plaintiff has failed to send a letter to the Mayor of the District of Columbia notifying the District of her intent to file a claim against it.  Exhibit 1, Affidavit of Nadine Chandler Wilburn at ¶ 3, attached hereto.

3. Plaintiff filed a charge of discrimination with the EEOC on February 3, 2006.  Complaint ¶ 13.


DATED:  August 7, 2006            Respectfully submitted,

                        ROBERT J. SPAGNOLETTI
                        Attorney General

                        GEORGE C. VALENTINE
                        Deputy Attorney General
                        Civil Litigation Division


                        /s/ Nicole L. Lynch
                        NICOLE L. LYNCH [471953]
                        Chief, Section II
                        General Litigation Division

|     | /s/ Rena Scheinkman |
| --- | --- |
| BY: | RENA SCHEINKMAN [488861] |
|     | Special Assistant Attorney General |
|     | General Litigation Division |
|     | 441 4th Street, N.W. |
|     | Washington, D.C. 20001 |
|     | (202) 724-6615 |
|     | rena.scheinkman@dc.gov |

2

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 7th day of August, 2006, I electronically filed the foregoing DEFENDANT'S MOTION TO DISMISS THE COMPLAINT, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, the Memorandum of Points and Authorities in support of the Motion, the Statement of Undisputed Facts, and the Proposed Order with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Gary T. Brown
Gary T. Brown & Associates, P.C.
320 Maryland Ave., N.E.
Suite 100
Washington, D.C. 20002

                                     /s/ Rena Scheinkman
                                     RENA SCHEINKMAN [488861]
                                     Special Assistant Attorney General
                                     General Litigation Division
                                     441 4th Street, N.W.
                                     Washington, D.C. 20001
                                     (202) 724-6615
                                     rena.scheinkman@dc.gov