UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANNETTE BURNS, )<br>)<br>Individually and on Behalf of all )<br>Similarly Situated Persons, )<br>   )<br>   Plaintiff, )<br>   )<br>   v. )<br>   )<br>DISTRICT OF COLUMBIA, )<br>   )<br>   Defendant. )<br>_____) | Civil Action No. 06-1198 (RBW)<br><br>CLASS ACTION |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS,
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Plaintiffs, through their undersigned counsel, hereby submit their Opposition to Defendant's Motion to Dismiss the Complaint Or, In the Alternative, For Summary Judgment ("Motion to Dismiss").  Putative Class Representative Annette Burns ("Burns"), and the class she seeks to represent, respectfully submit that a stay regarding this motion is appropriate.  By October 20, 2006, a motion to consolidate Burns' case, as well as a motion to amend the complaint, will be submitted in the court in which a related, previously filed case, *Byrd v. District of Columbia,* Case No. 1:06-0522 (HHK), is pending.  If the motion to consolidate is granted, the instant case will be transferred to Judge Kennedy's court.  As such, it is unnecessary for this Court to decide the Motion to Dismiss at this time.  In the alternative, for the reasons presented below, the Motion to Dismiss should be denied.

## I. BACKGROUND

Plaintiffs, a class of current and former female employees of the Defendant's Department of Parks and Recreation, were subjected to severe sexual harassment and quid pro quo demands from management personnel. They now seek injunctive and other appropriate relief to redress the sexual harassment, hostile work environment, and quid pro quo discrimination they suffered while employed by the District of Columbia. Plaintiffs filed their Complaint on June 29, 2006. [Dkt. No. 1.] Defendant filed its Motion to Dismiss on August 7, 2006. [Dkt. No. 3.] No discovery has been conducted in this case.[1]

This class action case seeks to represent the numerous female employees who were subjected to sexual harassment by Defendant. For purposes of responding to Defendant's Motion to Dimiss, however, Plaintiffs will refer primarily to the claims presented by the putative Class Representative Burns. The claims at issue in this case center on Plaintiff Burns' allegations that she was sexually harassed on a routine basis by her manager, Darnell Thompson, while working for the Department of Parks and Recreation. The harassment included, but was not limited to, inappropriate physical touching, solicitation of sexual favors in exchange for employment benefits, and Thompson's sexual assault of Burns, which occurred at work when Burns was eight months pregnant. Compl. ¶¶ 11(a), (c), (e); 12(a), (d). Burns complained repeatedly about this extreme sexual harassment, but to no avail. Compl. ¶¶ 11(b); 12(b), (e); 13. Indeed, Burns and other employees who complained about Thompson's harassment were terminated or transferred as a result. Compl. ¶¶ 11(d), (f); 12(g), (h), (i). Burns is aware of

---

[1] As such, Defendant's motion should be considered only as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). The one untested declaration attached to Defendant's motion and the one-page EEOC document attached hereto as Exhibit 1, should not serve to convert the motion to dismiss to a summary judgment motion at this early stage in the litigation. Further, as noted *infra* Section II.C.1, discovery is necessary to decide the issues raised in Defendant's motion to dismiss. *See also* G. Brown Rule 56(f) Declaration, attached hereto as Exhibit 2.

many other female employees who were subjected to similar treatment by Defendant, and, specifically, Thompson. Compl. ¶¶ 11, 12.

## II. ARGUMENT

### A. Legal Standard

"[T]he court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under *any set of facts* that could be proved consistent with the allegations." *Nwachukwu v. Karl,* 223 F. Supp. 2d 60, 69 (D.D.C. 2002) (emphasis added) (citing *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)). "In deciding such a motion, the court must accept all the complaint's well-pled factual allegations as true and draw all reasonable inferences in the non-movant's favor." *Id.* (citation omitted). A claim should not be dismissed for failure to state a claim even if it appears on the face of the pleadings that the chance of "recovery is remote and unlikely." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### B. The Notice Provision of § 12-309 Is Inapplicable to DCHRA Claims

The mandatory notice requirement in § 12-309 does not apply to employment discrimination actions brought under the DCHRA. Indeed, the D.C. Circuit has observed that when Congress enacted Section 12-309 in 1933, "there is no evidence that Congress envisioned itself to be acting as other than a local legislature protecting a municipality from the threat of excessive common law tort liability." *Brown v. United States*, 742 F.2d 1498, 1501-02 (D.C. Cir. 1984) (*en banc*). Thus, the § 12-309 notice requirement applies only to "common law" type actions. *See District of Columbia v. Campbell*, 580 A.2d 1295, 1301-02 (D.C. 1990) (holding that the mandatory notice requirement of § 12-309 applies only to actions sounding in tort). The court in *Campbell* reasoned that the notice requirement applied only in the tort context because of "the District's greater need to receive notice in order to ascertain the facts in the tort context,

where the District will often be unaware of any injury caused by a breach of its duty . . . ." *Id.* at 1302.

This view is confirmed in decisions by this Court. In *Bowie v. Gonzales*, 433 F. Supp. 2d 24, 33 (D.D.C. 2006), the district court granted summary judgment in favor of the District of Columbia with regard to the D.C. Whistleblower Protection Act because the plaintiff had failed to provide § 12-309 notice.[2] However, the court declined to grant summary judgment regarding the plaintiff's DCHRA claims. *Id.* at 33-34. The court held that it had jurisdiction over the plaintiff's DCHRA claims, and, in so doing, the court recognized that notice under § 12-309 is not required for a plaintiff to maintain claims brought under DCHRA.

In addition, the administrative process set forth in the District of Columbia Human Rights Act serves the purposes of § 12-309 notice. For District employees, the process of filing an administrative EEO complaint is mandatory, similar to the mandatory federal EEO complaint process pursuant to Title VII. D.C. MUN. REGS. tit. 4.[3] Compliance with this process meets the purposes of § 12-309, *i.e.* (1) the D.C. government is quickly notified of actions or inactions which may subject it to liability; and (2) D.C. gets an early opportunity to conciliate through the administrative process. Any attempt to impose an additional burden on victims of discrimination is inequitable, as well as inconsistent with binding caselaw.

Defendant cites an unpublished Superior Court case, *McFarlane v. New Leaders for New Schools*, Case No. 04-CA8506 (D.C. Super. Ct. Aug. 7, 2006), for the proposition that claims

---

[2] Importantly, the court in *Bowie v. Gonzales* reached the result it did, applying § 12-309's mandatory notice requirement to the D.C. Whistleblower Protection Act claim, because express statutory language in the D.C. Whistleblower Protection Act states, "A civil action brought pursuant to this section shall comply with the notice requirements of § 12-309." D.C. CODE § 1-615.54(a). Thus, the Whistleblower Protection Act is an exception to the rule that the notice requirement applies only to tort-like actions. The DCHRA, by contrast, has no such provision requiring notice pursuant to § 12-309.

[3] The regulations detail the requirements for reporting discrimination, but does *not* provide notice to employees that each must also comply with the notice requirement of § 12-309.

–4–

under the DCHRA are subject to § 12-309's mandatory notice requirement. Defendant fails to note that this case is of limited precedential value, given that it conflicts directly with established case law in a higher court, *i.e.,* the D.C. Court of Appeals' holding in *District of Columbia v. Campbell*, 580 A.2d 1295, 1301-02 (D.C. 1990). Notably, the court in *McFarlane* cites *Campbell* for another proposition, *i.e.,* that notice on anyone but the Mayor does not comply with the notice requirement, thus implicitly acknowledging *Campbell* as a binding precedent. Def.'s Mot. Dismiss, Ex. 2 at 13. However, the court paid no heed to the other critical holding in *Campbell* — that based on the "plain meaning of the language of § 12-309, it applies only to actions *sounding in tort*." *Campbell*, 580 A.2d at 1302 (emphasis added). In sum, *McFarlane* is inapt because it contradicts binding case law.

A search of the published caselaw reveals that no court, other than the incorrectly decided *McFarlane*, has ever dismissed a DCHRA claim for failure to provide notice pursuant to § 12-309. The only published decision, aside from *McFarlane,* faced with the issue of whether the § 12-309 notice requirement applies to the DCHRA declined to address the issue because it decided the case on other grounds. *See Armstrong v. District of Columbia Public Library*, 154 F. Supp. 2d 67, 74 n.7 (D.D.C. 2001). Therefore, this Court should not dismiss Plaintiff's DCHRA claim for failure to comply with § 12-309's notice requirement, because such notice is not required. [4]

C.  **Burns' Title VII Claims Are Timely**

As stated above, a motion to consolidate the instant case with a related, previously filed case, *Byrd v. District of Columbia,* Case No. 1:06-0522 (HHK), will be filed by October 20, 2006. As such, a stay regarding the Motion to Dismiss is appropriate. This is particularly true in

---

[4] Defendant did not move to dismiss Burns' DCHRA claims for failure to file a timely charge of discrimination and it should not be permitted to do so in its reply brief.

the context of Burns' Title VII claims because Burns may rely upon the single-filing rule, which will require a comparison of the discrimination claims at issue in Burns' and Byrd's cases.

In the alternative, Defendant's Motion to Dismiss regarding the timeliness of Burns' Title VII charge should be denied for two reasons. First, discovery is necessary to determine whether Burns' EEOC charge was untimely. Plaintiff asserts that the EEOC deadline in her case may be subject to waiver, estoppel, or equitable tolling due to Defendant's failure to respond to her numerous complaints of discrimination. Second, even assuming Burns' EEOC charge is untimely, she may rely upon Plaintiff Garrina Byrd's timely filed EEOC charge through the single filing rule.

    **1.**    *Discovery is necessary to demonstrate that Burns' EEOC charge should be considered timely under waiver, estoppel and/or equitable tolling theories*

"Filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.,* 455 US. 385, 393 (1982). Here, Plaintiff asserts that waiver, estoppel, and/or equitable tolling should apply to her case based on the District of Columbia's conduct regarding her attempts to file complaints with Defendant and its subsequent investigation, or lack thereof. *See* Compl. ¶¶ 11(b), (d); 12(b), (e), (f); 13. Further, by October 20, 2006, a motion for leave to file an amended complaint will be submitted, which will provide further factual details supporting Burns' claims of waiver, estoppel, and/or equitable tolling as it relates her EEOC charge deadline.

Importantly, no discovery has been conducted in the case at bar. Discovery regarding the applicability of equitable tolling to EEOC charge deadlines should be permitted so that the Court may decide this issue only after the development of the factual record. *See Campbell v. Nat'l R.R. Passenger Corp.,* 163 F. Supp. 2d 19, 26 (D.D.C. 2001). Burns, and the class members she

seeks to represent, argue that she complained about the extreme sexual harassment to, among other people, the Director of the Department of Parks and Recreation. Plaintiffs believe discovery will show that, as Director, Albert had the responsibility to promptly investigate the complaint, impose any necessary discipline, assist Burns (a relatively inexperienced welfare-to-work hire) with processing her complaint, and inform her of the results of any investigation. Plaintiffs allege that Defendant failed in these responsibilities.

Discovery which Plaintiffs assert is necessary to decide the timeliness issues related to Burns' EEOC charge includes, but is not limited to, evidence regarding (1) Defendant's policies, practices, and procedures regarding complaints of employment discrimination, including the role and responsibility of Neil Albert, Director of the Department of Parks and Recreation (to whom Burns complained), in implementing these procedures, (2) the policies, practices, and procedures, if any, governing the investigation that is supposed to occur after a complaint is received, including but not limited to the policies outlined in DCMA 4 Chapter 1, § 104.1(a)-(b), (3) the numerous complaints made by Burns including, but not limited to, complaints she made to supervisor James Boone (Compl. ¶12(b)), and the Director of the Department of Parks and Recreation, Neil Albert (Compl. ¶12(e)); (4) the numerous complaints of sexual harassment related to Thompson which were made by at least 3 to 6 other female employees (Compl. ¶12(i));  (5) what investigation, if any, occurred in response to Burns' and the other female employees' complaints, (6) when, if ever, Defendant notified Plaintiff of the results of its investigation, (7) whether Defendant informed employees about or otherwise posted information regarding sexual harassment and an employee's right to complain and/or file a charge of discrimination; (8) any representations Defendant or its agent, employee, and/or representatives made to Plaintiff regarding the status of her complaints; and (9) whether Plaintiff Burns and the

–7–

class members, many of whom were hired through "welfare-to-work" programs, had any knowledge regarding sexual harassment and/or the EEO process for District of Columbia employees. *See also*, Exhibit 2 (G. Brown Rule 56(f) Declaration).

The D.C. Circuit has held that evidence of the nature Plaintiffs seek through discovery here (*i.e.*, that Defendant misled Burns regarding the status of her complaint and/or was grossly negligent in processing her repeated complaints of discrimination), is sufficient to withstand a motion for summary judgment under the equitable estoppel theory. *See Currier v. Radio Free Europe*, 159 F. 3d 1363, 1367-68 (D.C. Cir. 1999) (holding that an employer's alleged statement to an employee, "Mr. Gillette said that Mr. Morgan was my boss and would always be my boss," was sufficient to survive summary judgment under equitable estoppel because the statement may constitute a misleading statement that a complaint would be resolved in the employee's favor).

Consistent with *Campbell* and *Currier,* at this early stage in the litigation, before any discovery has been conducted, much less completed, it would be inappropriate to dismiss Burns' claims. The facts pled in Burns' Complaint, as well as in the forthcoming proposed amended complaint, will state a viable claim of waiver, estoppel, or equitable tolling as it relates to her EEOC charge and Defendant's motion should therefore be denied. *See Nwachukwu,* 223 F. Supp. 2d at 69 ("the court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations") (citation omitted).

    **2.**    ***The Single Filing Rule Allows Burns To Rely Upon Garrina Byrd's Timely Filed EEOC Charge***

As noted above, a motion to consolidate Plaintiff Burns' case with the previously filed case, *Byrd v. District of Columbia,* Case No. 1:06-0522 (HHK), will be filed by Byrd by October 20, 2006. The EEOC charge in Plaintiff Byrd's case is timely and alleges that Byrd was

regularly sexually harassed by Darnell Thompson – the same manager who allegedly harassed Burns.[5]  Therefore, even assuming, *arguendo*, the Court determines that Burns' EEOC charge is untimely, Burns may rely upon Byrd's EEOC charge under the "single-filing rule."  "The single file rule allows an individual plaintiff, who has not filed an EEOC charge, to satisfy the administrative exhaustion requirements under Title VII by relying on a charge filed by another plaintiff."  *Campbell v. Nat'l R.R. Passenger Corp.,* 163 F. Supp. 2d 19, 25 (D.D.C. 2001) (citing *DeMedina v. Reinhardt,* 686 F.2d 997, 1013 (D.C. Cir. 1982); *Foster v. Gueory,* 655 F.2d 1319, 1321-22 (D.C. Cir. 1981); *EEOC v. Air Line Pilots Assoc.*, 885 F. Supp. 289 (D.D.C. 1995)).  The single filing rule was established because "[t]he 'principal functions of the EEOC filing requirement' are to enable 'the EEOC to provide the alleged wrongdoer with notice and to permit possible conciliation.'"  *Medina*, 686 F.2d at 1013 (citation omitted); *see also Howlett v. Holiday Inns, Inc.*, 49 F.3d 189, 196 (6th Cir. 1995) ("[A] charge will be adequate to support piggybacking under the single filing rule if it contains sufficient information to notify prospective defendants of their potential liability and permit the EEOC to attempt informal conciliation of the claims before a lawsuit is filed").

Where a "substantially related" claim "arises out of the same time frame as the timely filed claim, the complainant need not satisfy Title VII's filing requirement to recover." *E.E.O.C. v. Wilson Metal Casket Co.*, 24 F.3d 836, 839-40 (6th Cir. 1994).  The claims of the filing plaintiff and non-filing plaintiffs need not be identical, but merely related:

> [T]he test for application of the single-filing rule is not whether the claims are identical but whether the EEOC complaints are similar enough such that the policies behind Title VII are not contravened by excusing the filings. . . . A Title VII complaint may include any 'discrimination like or reasonably related to the allegations of the EEOC charge and growing out of such allegations.'

---

[5]  Byrd filed a timely EEOC charge for her retaliation claims.  Plaintiff Burns asserts that, for the reasons stated herein, she is entitled to piggyback onto this charge for her retaliation claims as well.

*Zuckerstein v. Argonne National Laboratory*, 663 F. Supp. 569, 574-75 (N.D. Ill. 1987) (citations omitted); *see also Howlett*, 49 F.3d at 195-96.

Moreover, the single filing rule applies to Burns' Title VII claims because her discrimination claims are very similar to the discrimination alleged in Byrd's EEOC charge. In the context of the single filing rule, the D.C. Circuit has held that where two plaintiffs "allege that they were similarly situated and received the same discriminatory treatment, the purposes of the exhaustion requirement are adequately served if one plaintiff has filed an EEOC complaint." *Medina*, 686 F.2d at 1013. The *Medina* court found that where two plaintiffs were GS-11 Agency employees, they were "virtually identical" because each claimed intentional sex discrimination related to promotions as well as equal pay claims. *Id.* Likewise, in the case at bar, Plaintiffs Burns and Byrd are similarly situated for purposes of the single filing rule as the allegations in their respective complaints demonstrate. Both plaintiffs worked as hourly employees for the Department of Parks and Recreation, both assert claims of intentional sex discrimination, and, more importantly, these claims are directly related to harassment by the same manager, Darnell Thompson. Byrd and Burns allege that the discrimination occurred regularly and that their complaints about the harassment were not adequately addressed.

Further, under the single filing rule, the discriminatory conduct must have occurred within the same time frame. Assuming, as Defendant did in its motion to dismiss, that Burns was terminated on December 31, 2003, her claims accrued less than one-and-a-half years before Byrd's EEOC charge was filed in April 2005. Federal courts of appeal have held that claims accruing farther apart in time than the time period at issue here can be proceed under the single-filing rule. For example, in *EEOC v. Wilson Metal Casket Co.*, 24 F.3d 836, 840 (6th Cir. 1994), the court rejected a narrow definition of "similar discriminatory treatment in the *same time*

*frame*," for purposes of the single-filing rule. In *Wilson Metal Casket,* one plaintiff, Ellis, was harassed in 1982 and 1984 and was eventually terminated in 1984. *Id.* at 839. Ellis then filed an EEOC charge in 1984. *Id.* A second plaintiff, McMullan, did not begin working for the company until 1987. *Id.* She too was harassed and terminated, both of which occurred in 1987. *Id.* McMullan, however, did not file an EEOC charge. *Id.* Thus, McMullan did not even begin her employment with the company until *three years after* Ellis' EEOC charge, upon which she eventually sought to piggyback, was filed. The defendant argued that McMullan's claims must be dismissed because she did not file an EEOC charge and because her claim did not arise during the same time frame as Ellis' claim. *Id.* Nevertheless, the court rejected defendant's argument holding that McMullan could piggyback onto the EEOC charge, even though a three-year period elapsed between McMullan's claim and the filing of Ellis' EEOC charge. *See also Snell v. Suffolk Co.*, 782 F.2d 1094, 1101 (2nd Cir. 1986) (applying the single-filing rule and holding that additional EEOC charges would be "wholly fruitless" where discrimination of a similar nature occurred during a three-year period).

Here, it must be inferred that Burns' claims accrued with one-and-a-half years of the filing of Byrd's EEOC charge. Thus, like *Medina,* Plaintiff Burns and Byrd are similarly situated for purposes of the single filing rule and Defendant's Motion to Dismiss should be denied.[6]

---

[6] Defendant may argue that Burns' claims are not subject to the single filing rule. In *Campbell,* the court determined that the single filing rule should not apply where a plaintiff files an EEOC charge but does not file a lawsuit within 90 days of receipt of the right to sue notice. *See Campbell,* 163 F. Supp. 2d at 22 (referencing claims of plaintiffs who previously filed a charge "but failed to sue"); *id.* at 26 (discussing the single filing rule in the context of "the statute of limitations in her right to sue letter"). Plaintiff respectfully submits that *Morgan* was decided incorrectly and that the cases cited above, particularly the Sixth Circuit decisions *Wilson Metal Casket Co.* and *Howlett*, are more applicable to the case at bar. Further, based on Plaintiff's counsel's research, it does not appear that the D.C. Circuit Court of Appeals has addressed the issue of whether a plaintiff who has filed her own EEOC charge may rely upon the single filing rule.

Nonetheless, *Campbell* supports Plaintiff Burns' ability to use the single filing rule in this case for two reasons. First, unlike the *Campbell* plaintiffs, Burns did file her lawsuit within 90 days of receipt of her right to sue

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss should be denied in its entirety.

Respectfully submitted this 10th day of October, 2006.

        s/ Eric K. Bachman
Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
Eric K. Bachman (DC Bar No. 481993)
**Wiggins, Childs, Quinn & Pantazis, PLLC**
7 Dupont Circle, N.W., Suite 200
Washington, D.C. 20036
(202) 467-4123
(202) 467-4489 (facsimile)

Gary T. Brown, D.C. Bar # 246314
**GARY T. BROWN & ASSOCIATES, P.C**.
320 Maryland Avenue, N.E.
Suite 100
Washington, D.C. 20002
(202) 393-4900

***ATTORNEYS FOR PLAINTIFF***

---

notice. Compl. ¶ 13. Second – and more importantly – the holding in *Campbell* expressly states that the single filing rule *does* apply to plaintiff's claims which were not covered by a timely EEOC charge. *Campbell,* 163 F. Supp. 2d at 26 n.6 (the single filing rule may be applied to "conduct that has not been the subject of a *now stale* EEOC charge") (emphasis added). The use of the term "now stale" demonstrates that the court was referring to an EEOC charge which was filed timely but became "stale" when no case was filed in court within 90 days after the receipt of the right to sue notice. Here, if the Court determines that equitable principles should not toll Burns' EEOC deadline, then Burns never had a timely filed EEOC charge. If so, then the discrimination claims at issue in Burns' lawsuit have not been subject to a timely filed EEOC charge. Indeed, the EEOC dismissed Burns' charge because her "charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge." Attached hereto as Exhibit 1. Thus, under *Morgan*, Burns' claims should be subject to the single filing rule.

–13–

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of October, 2006, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

By:    s/ Eric K. Bachman     .
        *Attorney for Plaintiff*