**EXHIBIT 2**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANNETTE BURNS,<br>  On Behalf Of Herself and<br>  Others Similarly Situated,<br><br>     Plaintiffs,<br><br>          v.<br><br>DISTRICT OF COLUMBIA,<br><br>     Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*    C.A. No. 06-1198 (RBW)<br>*<br>*<br>*<br>*<br>* |

## FED. R. CIV. P. 56(f) DECLARATION OF GARY T. BROWN

1. I am submitting this Declaration pursuant to Fed. R. Civ. P. 56(f) in support of Plaintiff's contentions that Defendant's Alternative Motion for Summary Judgment (Def. Motion) should be dismissed or stayed pending discovery.

2. In this case, Defendant filed the instant motion before any discovery had been conducted in this Court. Further, Defendant's EEO office responsible for investigating the claims of complainants did nothing to comply with its responsibility. Although the agency of Defendant, Department of Parks and Recreation, did engage an investigator, that process was not begun until after the EEO Office dismissed Ms. Byrd's complaint.

3. The investigator's report was obtained by Plaintiff's counsel through a Freedom of Information Act request and is a part of Plaintiff's Opposition (Plt's Exh. No.1). However, it is designated as a "preliminary report" and does not appear in Ms. Byrd's complaint file at Defendant's offices. Although it clearly supports the allegations of Ms.

Byrd, the report leaves many questions unanswered. Plaintiff would seek to depose the investigator, Ms. Carolyn Lerner, regarding her findings.

4. Both written discovery and depositions are essential in this matter, even as to the issues raised by Defendant. For example,

5. The Lerner Report, done in the normal course of business, may itself be admissible, and contains statements against interest or admissions. However, some of the statements contained therein need to be confirmed through depositions.

6. Further, Defendant argues that the timing of Ms. Burns' filing precludes its use. Facts sought about the EEO complaint lodged by Ms. Burns in May, 2002 and the information available to her with the EEO counselor in relation to the events raised and the agency's handling of that complaint are relevant to the timing issues raised by Defendant.

7. Discovery which Plaintiff asserts is necessary to decide the timeliness issues related to her EEOC charge includes, but is not limited to, evidence regarding (1) Defendant's policies, practices, and procedures regarding complaints of employment discrimination, including the role and responsibility of Neil Albert, Director of the Department of Parks and Recreation, (to whom Burns complained) in implementing these procedures, (2) the policies, practices, and procedures, if any, governing the investigation that is supposed to occur after a complaint is received, including but not limited to DCMA 4 Chapter 1, § 104.1(a)-(b), (3) the numerous complaints made by Burns including, but not limited to, complaints she made to supervisor James Boone (Compl. ¶12(b)), and the Director of the Department of Parks and Recreation, Neil Albert (Compl. ¶12(e)); (4) the numerous complaints of sexual harassment related to Thompson which were made by at least 3 to 6 other female employees (Compl. ¶12(i));  (5) what investigation, if any, occurred in

p.2    (202) 393-4903    Gary Brown    Oct 10 06 06:16p

response to Burns' and the other female employees' complaints, (6) when, if ever, Defendant notified Plaintiff of the results of its investigation, (7) whether Defendant informed employees about or otherwise posted information regarding sexual harassment and an employee's right to complain and/or file a charge of discrimination; (8) any representations Defendant or its agent, employee, and/or representatives made to Plaintiff regarding the status of her complaints; (9) whether Plaintiff Burns and the class members, many of whom were hired through "welfare-to-work" programs, had any knowledge regarding sexual harassment and/or the EEO process for District of Columbia employees.

8. Plaintiff would seek to depose Shawniqua Ottley, Director of Human Resources for the Department of Parks & Recreation, who was also involved in earlier complaints against Mr. Thompson and may have been instrumental in Defendant's failure to investigate Ms. Byrd's EEO complaint.

9. Plaintiff would also seek copies of any union grievances relating to harassment by Darnell Thompson.

10. Plaintiff would seek in written discovery EEO reports for the years 2000-2005 as well as data regarding the number, positions and performance evaluations of female employees working in the Department of Parks and Recreation under Darnell Thompson.

11. Plaintiff would further seek any EEO complaints by other Department of Parks & Recreation employees lodged against Darnell Thompson.

12. Plaintiff needs to take the deposition of other management witnesses to successfully refute Defendant's contention that no such harassment or discrimination occurred.

13. The deposition testimony of the witnesses most likely lead to new information that will need to be obtained in order to be able to fully and successfully prosecute this matter.

14. As a result, there are a myriad of material facts that have not been obtained and would be necessary to adequately and fully respond to Defendant's Motion.

15. All of the foregoing information is both material and discoverable, but has not yet been produced. Accordingly, Defendant's summary judgment motion should be dismissed or stayed pending an opportunity to engage in discovery.

FURTHER DECLARANT SAYETH NOT

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_10/10/06_
/Date

_____
Gary T. Brown