UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANNETTE BURNS, )<br>)<br>Individually and on Behalf of all )<br>Similarly Situated Persons, )<br>    ) <br>    Plaintiff, )<br>    )<br>        v. )<br>    )<br>DISTRICT OF COLUMBIA, )<br>    )<br>    Defendant. )<br>_____) | Civil Action No. 06-1198 (RBW)<br><br>CLASS ACTION |

**PLAINTIFF'S SURREPLY TO DEFENDANT'S MOTION TO DISMISS,
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Plaintiffs, through their undersigned counsel, hereby submit their Surreply to Defendant's Motion to Dismiss the Complaint or, in the Alternative, For Summary Judgment ("Motion to Dismiss"). Putative Class Representative Annette Burns ("Burns"), and the class she seeks to represent, respectfully submit that a surreply is required to address new arguments and newly cited case law.

**I.    BACKGROUND**

The relevant facts and procedural background regarding Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment, have been set forth previously in Plaintiff's Opposition to Defendant's Motion to Dismiss, or, in the Alternative, for Summary Judgment. [Doc. No. 12].

For purposes of this Surreply, Plaintiff limits her argument to those arguments and the case law that Defendant has presented for the first time. Specifically, this Surreply addresses (1) the District's arguments regarding Plaintiffs' request that this Court stay proceedings pending the outcome of Plaintiff Garrina Byrd's Motion to Consolidate that is currently before Judge Kennedy;[1] (2) the District's argument that Plaintiff is not entitled to piggyback on the EEOC charge of Garrina Byrd; and (3) the new cases cited by the District, *i.e. Descutner v. District of Columbia*, No. 04-CA-8506, at 14 (D.C. Super. Ct. Nov. 10, 2005) and *Doe v. District of Columbia*, 697 A.2d 23 (D.C. 1997).

II.     ARGUMENT

A.     **This Court Should Stay These Proceedings Pending Determination of Plaintiff Byrd's Motion to Consolidate**

The District argues in its Reply brief that "a ruling by this Court in favor of the District will eliminate this action and make consolidation unnecessary." Def.'s Reply at 9. However, the District ignores that Burns has additional claims in her Amended Complaint that are not subject to dismissal for failure to provide notice or for failure to file a timely EEOC charge. Garinna Byrd, as mentioned *supra*, has filed a Motion to Consolidate her case with the instant case. In addition, Byrd has submitted a Motion for Leave to File a Second Amended Class Complaint, adding claims for herself as well as for Plaintiff Burns. *See* Proposed Second Am. Compl. in *Byrd v. District of Columbia*, Case No. 1:06-0522 (HHK) (attached hereto as Ex. 1).

Most importantly, Burns seeks to assert a Section 1983 action on behalf of herself as an individual as well as on behalf of the putative class that she represents. *Id.* ¶¶ 1, 3, 85-89, 133-140. Claims asserted under 42 U.S.C. § 1983 do not require administrative exhaustion. *Jenkins*

---

[1] Garrina Byrd is the Plaintiff in a separate lawsuit styled *Byrd v. District of Columbia*, Case No. 1:06-0522 (HHK). Byrd has filed with that Court a motion to consolidate her case with the instant lawsuit, *Burns v. District of Columbia*, Case No. 1:06-CV-01198 (RBW).

*v. Washington Convention Center*, 59 F.Supp.2d 78 (D.D.C. 1999) (citing *Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 104 (1981)). Therefore, a ruling granting District's Motion to Dismiss would *not* dispose of this action, as the District argues. Rather, Burns' Section 1983 claims are not resolved by this Motion, and judicial economy is thus not furthered by simply granting the District's Motion.

Moreover, the District's argument that "consolidation is premature" is perplexing. What is clear is that the District wants this Court simply to "eliminate this action," rather than permitting Judge Kennedy to determine whether consolidation is appropriate on its merits. What's more, consolidation may affect directly the viability of Burns' claims. As described in more detail below, Burns is entitled to application of the "single filing rule" in the proposed consolidated action.

**B.    This Court Is Not the Proper Arbiter for Determining Whether Burns May Piggyback on Byrd's EEOC Charge**

The District attempts to argue that Burns may not avail herself of the single-filing rule to excuse her failure to file a timely EEOC Charge. In so arguing, the District states that Byrd's EEOC Charge is not sufficient notice of Burns' claims or class claims. However, the District misapprehends the law regarding the scope of an EEOC Charge.

The scope of claims covered in a judicial complaint is not limited to the face of an EEOC Charge, but rather encompasses the entire scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970); *see also President v. Vance*, 627 F.2d 353, 362 n.65 (D.C. Cir. 1980) (citing *Sanchez*, 431 F.2d at 466, with approval).

Under *Sanchez*, the scope of claims covered in a judicial complaint may encompass the entire scope of the EEOC investigation which can reasonably expected to grow out of the charge

of discrimination.  431 F.2d at 466.  The logic of this rule is inherent in the statutory scheme of Title VII.  A charge of discrimination is not filed as a preliminary to a lawsuit.  On the contrary, the purpose of a charge of discrimination is to trigger the investigatory and conciliatory procedures of the EEOC.  *Id.*  Thus, the civil action is much more intimately related to the EEOC investigation than to the words of the charge which originally triggered the investigation.  *Id.*

Although Plaintiff Byrd filed an individual charge asserting discrimination and retaliation, an investigation of her individual complaints reasonably would be expected to reveal the numerous harassment complaints by other women and the failure of the District to take action to eliminate the harassment of women and the pervasive hostile environment.  *See, e.g.*, Ex. 1, Proposed Second Am. Compl. ¶ 51 (stating that the Union President Deborah Jackson, reported to the District of Columbia City Council that Thompson had been allowed to sexually harass women in the workplace and that the union was aware of several women who had come forward to make such allegations).  Thus, Byrd's Charge could reasonably be expected to lead the EEOC to inquire into similar complaints and to uncover the District's discrimination.

As a matter of law, therefore, the complaint in this action should be deemed to encompass Burns' individual claims as well as class claims, and, as directed by the Courts of Appeals in *Vance* and *Sanchez*, the class members are entitled to piggyback on the charge filed by Byrd.

On another note, with regard to the District's arguments that Burns is not entitled to application of equitable tolling, the District is incorrect that Burns has failed to allege in her Complaint facts that support equitable tolling.  As with other aspects of pleading facts in an employment discrimination case, a plaintiff need only allege facts sufficient to give the

–4–

defendant notice of the basis for her claims. *See generally Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002).

Plaintiff has alleged that the District fails to investigate complaints of discrimination; the District terminates employees for complaining about discrimination; the District contacted Burns assured her that the sexually harassing behavior of Mr. Thompson would be investigated; no investigation was undertaken; Defendant did not issue her right to proceed to the Office of Human Rights; and was told for the first time, nearly two years after she was terminated, about her right to file an external complaint. *See* Compl. ¶¶ 11(b), (d); 12(f); 13. Further, on October 20, 2006, a motion for leave to file an amended complaint was submitted to Judge Kennedy (in conjunction with the pending motion to consolidate). The Second Amended Complaint provides further factual details supporting Burns' claims of waiver, estoppel, and/or equitable tolling as it relates her EEOC charge deadline. The relevant paragraphs are as follows:

> 53. During the entire time Plaintiff Burns worked at DPR, she was never trained or otherwise informed about how to file an EEO complaint. Further, Burns did not see any posters or information regarding the EEO process or sexual harassment policies, and she did not receive any training about sexual harassment or what to do if such harassment occurred.
>
> 54. Indeed, Ms. Burns was never informed by anyone at DPR that a separate process for filing an EEO complaint even existed for District of Columbia government employees nor was Ms. Burns ever informed about sexual harassment and what to do when it occurred.

> 55. Since Ms. Burns still had not been informed about any EEO reporting process, she assumed that she had told every one possible about the problems with Mr. Thompson's behavior.

Ex. 1, Proposed Second Am. Compl., *Byrd v. District of Columbia*, Case No. 1:06-0522 (HHK).

In addition, at this early stage of the proceedings, it would be inappropriate to dismiss claims that may be subject to equitable tolling or estoppel. As the D.C. Circuit has expressed, district courts are required to undertake a "specific inquiry into and findings on the existence or non existence of such [equitable] considerations" before summarily dismissing discrimination claims. *Saltz v. Lehman*, 672 F.2d 207, 209 (D.C. Cir. 1982) (cited by *Campbell v. National R.R. Passenger Corp.*, 222 F.Supp.2d 8, 12 (D.D.C. 2002)); *see also Currier v. Radio Free Europe*, 159 F. 3d 1363, 1367-68 (D.C. Cir. 1999) (holding that an employer's alleged statement to an employee, "Mr. Gillette said that Mr. Morgan was my boss and would always be my boss," was sufficient to survive summary judgment under equitable estoppel because the statement may constitute a misleading statement that a complaint would be resolved in the employee's favor). Plaintiff explained in her Opposition to Defendant's Motion to Dismiss that discovery is necessary to determine whether Burns' EEOC charge was untimely, and, for brevity's sake, will not replicate that argument here. Burns' Opp. Mot. Dismiss at 6-8. For all of these reasons, Defendant's Motion to Dismiss should be denied with regard to equitable tolling or estoppel.

**C.      The Plaintiff Requests the Opportunity to Respond to Newly Cited Caselaw**

In its Reply brief, the District relies upon two previously uncited opinions — namely, *Descutner v. District of Columbia*, No. 04-CA-8506, at 14 (D.C. Super. Ct. Nov. 10, 2005); and *Doe v. District of Columbia*, 697 A.2d 23 (D.C. 1997).

**1.      Plaintiff's Response to *Doe***

The District cites *Doe* for the proposition that the D.C. Court of Appeals has "expand[ed] [D.C. Code § 12-309's] application to . . . statutory causes of action." Def.'s Reply at 4. In *Doe*, the court did apply the notice provision to claims under the D.C. Prevention of Child Abuse Act What the District fails to mention, however, is that the cause of action at issue in that case was a negligence action, which is distinctly and unequivocally a tort action. *Doe*, 697 A.2d at 25.

Title VII, on the other hand, is different than a tort action in many respects. Title VII permits plaintiffs to request a host of equitable remedies, including injunctions from engaging in unlawful job practices or affirmative job relief such as reinstatement, hiring, and backpay. *See* 42 U.S.C. §2000e–5(g)(1). Likewise, DCHRA authorizes equitable relief in the form of temporary restraining orders, injunctions, or any other damages that are appropriate, (which would include equitable relief). D.C. CODE §§ 2-1403.07, 2-1403.16. Thus, Title VII or DCHRA action is not purely a "tort-like" action. Supreme Court precedent establishes that at least regarding equitable relief, Title VII is not "tort-like." *United States v. Burke*, 504 U.S. 229, 237-42 (1992) (Title VII claims are not tort-like and therefore Title VII awards are not excludable from gross income for federal income tax purposes); *see also Bowen v. Massachusetts*, 487 U.S. 879, 893 (1988) (distinguishing suits for money damages from an equitable actions for specific relief).

–7–

Indeed, Plaintiff Burns has sought declaratory judgment, reinstatement, *see Compl.* at VIII(2), (5); and, in her proposed Second Amended Complaint filed with Judge Kennedy (and pending Plaintiff Byrd's Motion to Consolidate), Burns also seeks backpay, affirmative job relief, a permanent injunction, and other injunctive relief to remedy Defendant's discrimination against women. *See* Ex. 1 ¶¶ 141(e)-(k), 142(e)-(f).

Section 12-309 requires notice to the Mayor of suits for "unliquidated damages," D.C. CODE § 12-309; but Title VII and DCHRA suits are, at least in part, *not* suits for damages. Therefore, at least insofar as Burns seeks equitable relief, therefore, her DCHRA claim should not be dismissed for failure to provide § 12-309 notice.

### 2. Plaintiffs' Response to *Descutner*

The District cites *Descutner*, a non-binding D.C. Superior Court case, to say that "a claim under the Human Rights Act, like any other tort claim against the District of Columbia, must comply with the requirements of § 12-309." Def.'s Reply at 4 (citing *Descutner*, No. 04-CA-7214, at 5). However, *Descutner* did not address the argument set forth by Plaintiffs, *supra* at 5-6, that an action pursuant to the DCHRA is not, in its entirety, an action for "unliquidated damages." In short, because § 12-309's mandatory notice requirement only applies to actions for "unliquidated damages," a DCHRA action for equitable relief is not a suit that is subject to the notice requirement. Plaintiffs respectfully submit that *Descutner* was decided incorrectly on its merits, and that therefore this Court should disregard *Descutner*'s faulty reasoning.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss should be denied in its entirety.

Respectfully submitted this 14th day of November, 2006.

   s/ Eric K. Bachman
------------------------------------
Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
Eric K. Bachman (DC Bar No. 481993)
**Wiggins, Childs, Quinn & Pantazis, PLLC**
7 Dupont Circle, N.W., Suite 200
Washington, D.C. 20036
(202) 467-4123
(202) 467-4489 (facsimile)

Gary T. Brown, D.C. Bar # 246314
**GARY T. BROWN & ASSOCIATES, P.C**.
320 Maryland Avenue, N.E.
Suite 100
Washington, D.C. 20002
(202) 393-4900

*ATTORNEYS FOR PLAINTIFF*

–9–

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of November, 2006, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

By:   s/ Eric K. Bachman
*Attorney for Plaintiff*