IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                              )
ANNETTE BURNS, for herself and all )
others similarly situated,    )
                              )
      Plaintiff,             )    Civil Action No. 06-1198 (RBW)
                              )
      v.                      )
                              )
DISTRICT OF COLUMBIA,         )
                              )
      Defendant.             )
_____)

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR
LEAVE TO FILE SURREPLY MEMORANDUM**

Defendant District of Columbia ("the District"), by and through undersigned counsel, opposes Plaintiffs' Motion for Leave to File a Surreply Memorandum in Opposition to the District's Motion to Dismiss, or in the Alternative, for Summary Judgment. Contrary to Plaintiffs' contentions, the District's Reply Brief does not raise new arguments, but simply responds to arguments Plaintiffs themselves raised for the first time in their Opposition Memorandum. Accordingly, Plaintiff has had a full and fair opportunity to put those arguments before the Court and should not be given another bite at the apple. Allowing Plaintiffs the final word on the District's Motion to Dismiss is contrary to the Local Rules of Civil Procedure and would prejudice the District. *See* LCvR 7 (allowing for a statement of points and authorities, opposing points and authorities, and a reply memorandum).

**I.    BACKGROUND**

Plaintiffs filed their Complaint on June 29, 2006 and served the District on July 18, 2006. On August 7, 2007, within the 20 days allowed by the Federal Rules of Civil Procedure, the

District filed its Motion to Dismiss, or in the Alternative, for Summary Judgment (hereinafter "Motion to Dismiss"). In its Motion to Dismiss, the District argued that Plaintiffs' Complaint should be dismissed in its entirety because of Plaintiffs' failure to abide by the mandatory time requirements in the two statutes governing their claims. Specifically, the District never received the required notice pursuant to D.C. Code § 12-309, so Plaintiffs' state-law claims under the D.C. Human Rights Act must be dismissed; and Plaintiffs failed to timely file their EEOC charge, so their Title VII claims must be dismissed. After receiving four extensions of time, Plaintiffs filed their Opposition Brief on October 10, 2006 setting forth a panoply of novel arguments. The District's Reply Brief, filed on October 31, 2006, rebutted each of these arguments.

Now Plaintiffs argue that the District raised new arguments in its Reply Brief and that Plaintiffs are therefore entitled to file a surreply to rebut those arguments. As detailed below, the District's Reply Brief simply responds to the arguments presented for the first time by Plaintiffs; the District is entitled to respond to those arguments. Plaintiffs had ample opportunity—and over two months—to fully brief their arguments in their Opposition Memorandum. Because the Motion to Dismiss has been fully briefed and the Court has before it sufficient information to rule on the Motion to Dismiss, the District respectfully requests that the Court deny the Plaintiffs' Motion for Leave to File Surreply.

II. ARGUMENT

    A.    <u>Legal Standard for Leave to File Surreply.</u>

The Court "has discretion to grant a non-movant leave to file a sur-reply in response to matters raised for the first time in the movant's reply." *Davis v. Am. Soc'y of Civil Eng'rs*, 290 F. Supp. 2d 116, 121 (D.D.C. 2003); *see also Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003). In the present action, however, the District's Reply Brief rebuts arguments

raised by Plaintiffs in their Opposition Memorandum, and the issues were therefore not raised for the first time in the District's Reply. Accordingly, the Court should use its discretion to deny the Plaintiffs' pending Motion for Leave to File Surreply.

      B.      <u>The District's Reply does not Raise New Arguments for the First Time.</u>

Plaintiffs assert that the District raised two new arguments for the first time in its Reply Brief: (1) that Plaintiffs are not entitled to piggyback on the EEOC charge of Garrina Byrd and (2) that the Court should not stay the proceedings pending the outcome of Plaintiff Byrd's Motion to Consolidate that is currently pending before Judge Kennedy. *See* Pl. Motion for Leave to File Surreply at 5, 6. Admittedly, the District put forth these arguments in its Reply Brief. These arguments, however, are in direct response to arguments Plaintiffs raised in their Opposition Memorandum.

In their Opposition Memorandum, Plaintiffs argued that the single-filing rule allows Plaintiff Burns to piggyback her claims on the timely-filed EEOC charge of Plaintiff Garrina Byrd. *See* Pl. Opposition Mem. at 8-11. In putting forth this argument, Plaintiffs argued: "the single filing rule applies to Burns' Title VII claims because her discrimination claims are very similar to the discrimination alleged in Byrd's EEOC charge." Pl. Opposition Mem. at 10. Now, Plaintiffs assert that the District's argument directly rebutting this proposition is in fact a new argument. *See* Pl. Motion for Leave to File Surreply at 5 (characterizing as a new argument the District's argument that the single-filing rule does not apply in this case). Such an assertion is preposterous.

Similarly, Plaintiffs argue that they are entitled to file a surreply because they "[have] not had an opportunity to respond to the District's arguments regarding Plaintiff's request that this Court stay the proceedings pending the outcome of Plaintiff Byrd's Motion to Consolidate that is currently pending before Judge Kennedy." Pl. Motion for Leave to File Surreply at 6. In making

3

this argument, Plaintiffs admit that they, themselves, raised the argument regarding the stay. The District is entitled to respond to arguments Plaintiffs raised in their Opposition Memorandum. Here, the District responded that this Court should first decide whether there is even a case to consolidate with the *Byrd* case.

The District's Reply arguments are in direct rebuttal to arguments raised by Plaintiffs in their Opposition Memorandum. The arguments are not "matters raised for the first time in the movant's reply." *Davis*, 290 F. Supp. 2d at 121. Plaintiffs had full and fair opportunity to present their arguments, and the District was entitled to respond. If this Court allows Plaintiffs to file a surreply on the basis that the District presented new arguments, it would frustrate the Rules of Civil Procedure and paralyze movants from responding to new arguments, presented by non-movants, in an opposition brief.

> C.   The New Case Law the District Cited in its Reply Brief Further Supported Arguments Presented in the District's Motion to Dismiss and is not a Valid Basis for Plaintiffs to File a Surreply.

In their Motion for Leave to File a Surreply, Plaintiffs argue that the District cited two new cases to support its position, and for that reason, Plaintiffs should be entitled to file a surreply. Pl. Motion for Leave to File Surreply at 4, 5. Specifically, the District cited *Descutner v. District of Columbia*, No. 04-CA-8506, at 14 (D.C. Super. Ct. Nov. 10, 2005) and *Doe v. District of Columbia*, 697 A.2d 23 (D.C. 1997). Both of these cases support an argument the District raised in its initial Motion to Dismiss and therefore do not constitute new matters raised for the first time in the District's Reply Brief.

In its Reply Brief, the District cited *Descutner*, No. 04-CA-8506, at 14 and *Doe*, 697 A.2d at 25 as supplemental authority to support its argument that the mandatory notice requirement of D.C. Code § 12-309 applies to claims made pursuant to the D.C. Human Rights Act. *See generally* Def. Reply Brief at 3-8. The District presented this argument and cited case

4

law in support of it in its Motion to Dismiss. *See generally* Def. Motion to Dismiss at 4-5.

The District cited *Descutner* as supplemental authority in response to Plaintiffs' argument that *McFarlane v. New Leaders for New Schools*, Case No. 04-CA8506 (D.C. Super. Ct. Aug. 7, 2006) was decided incorrectly. *See* Pl. Opposition Mem. at 4-5. The District also cited *Descutner* as a direct rebuttal to Plaintiffs' argument that actions under the D.C. Human Rights Act are not actions in tort. *Compare* Pl. Opposition Mem. at 3-4 (arguing that Section 12-309 applies only to tort actions), *with* Def. Reply Brief at 4, 6 (citing *Descutner* for the proposition that "a claim under the Human Rights Act, like any other tort claim against the District of Columbia, must comply with the requirements of § 12-309").

The District also cited *Doe v. District of Columbia*, 697 A.2d 23 (D.C. 1997) in its Reply Brief to support its argument that the mandatory notice requirement of D.C. Code § 12-309 applies to claims made pursuant to the D.C. Human Rights Act. *See* Def. Reply Brief at 4-5, 7. Specifically, the District cited *Doe* to rebut Plaintiffs' apparent attempt to distinguish "common law" tort actions from statutory tort actions and Plaintiffs' attempt to distinguish the applicability of Section 12-309 to the Whistleblower Protection Act, which contains specific reference to Section 12-309. *See* Pl. Opposition Mem. at 3-4.

In sum, the District's reliance on *Descutner* and *Doe* in its Reply Brief provides further support for an argument that the District made in its Motion to Dismiss, and these cases rebut Plaintiffs' arguments in opposition. Accordingly, the District's reliance on these cases does not constitute new matters raised for the first time in the District's Reply Brief, and Plaintiffs' Motion for Leave to File a Surreply should be denied.

### III.  CONCLUSION

Despite Plaintiffs' arguments to the contrary, the District did not present any new matters in its Reply Brief, but rather simply responded to arguments that Plaintiffs, themselves, raised in

their Opposition Memorandum, which is the sole purpose of a reply brief. Plaintiffs have had ample opportunity to argue their position to the Court, and the Court has sufficient information before it to rule on the pending Motion to Dismiss. Under these circumstances, allowing Plaintiffs to have the final word will substantially prejudice the District. For these reasons, the Court should deny Plaintiffs' Motion for Leave to File Surreply.

DATED: November 17, 2006    Respectfully submitted,

EUGENE A. ADAMS
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ Nicole L. Lynch
NICOLE L. LYNCH [471953]
Chief, Section II
General Litigation Division

/s/ Rena Scheinkman
BY:   RENA SCHEINKMAN [488861]
Special Assistant Attorney General
General Litigation Division
441 4th Street, N.W.
Washington, D.C. 20001
(202) 442-9866
rena.scheinkman@dc.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of November, 2006, I electronically filed the foregoing DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY MEMORANDUM with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Gary T. Brown
Gary T. Brown & Associates, P.C.
320 Maryland Ave., N.E.
Suite 100
Washington, D.C. 20002

Eric K. Bachman
Wiggins, Childs, Quinn & Pantazis, PLLC
7 Dupont Circle, N.W., Suite 200
Washington, D.C. 20036

And all others indicated on the electronic filing receipt

/s/ Rena Scheinkman
RENA SCHEINKMAN [488861]
Special Assistant Attorney General
General Litigation Division
441 4th Street, N.W.
Washington, D.C. 20001
(202) 442-9866
rena.scheinkman@dc.gov